# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILLETT MYRON WARREN,<br>Petitioner,<br>v.<br>WARDEN of Adelanto, et al.,<br>Respondents. | Case No. 5:26-cv-05567-SK<br>**ORDER DISMISSING HABEAS PETITION**<br>A File No. 420-24-979 |

Petitioner Gillett Myron Warren is a national of Belize detained at the Adelanto ICE Processing Center since his arrest by immigration officials in late June 2026. Based on his extensive criminal history, petitioner is charged as removable under § 237(a)(2)(A)(ii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(ii). As a result, petitioner is a criminal alien subject to mandatory detention under INA § 236(c)(1)(B), 8 U.S.C. § 1226(c)(1)(B), pending removal proceedings. Still, he filed a perfunctory petition under 28 U.S.C. § 2241, seeking release from immigration custody. *Contra* Rule 2(c), Rules Governing § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see also Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) (habeas petitioner bears burden of proving that he is being held in custody contrary to federal law); *James v. Borg*, 24

F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

For reasons unexplained, respondents answered the petition not by arguing that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), but merely by acquiescing to a discretionary bond hearing under § 1226(a). In any event, the court sua sponte stayed the petition for 30 days so that petitioner could request a § 1226(a) custody redetermination hearing (assuming he were eligible for it), and granted leave for him to file a first amended petition promptly afterward if he remained detained. (ECF 9). Petitioner was expressly "warned, however, that failure to comply with this order may lead to involuntary dismissal of this action—with no further notice—for lack of prosecution and failure to obey court orders." (*Id.* at 2).

The 30-day period has now lapsed, but petitioner has filed nothing in response to the court's order. Nor has petitioner timely filed a request for more time to respond. Those facts, especially when combined with petitioner's (unrefuted) status as a criminal alien subject to mandatory detention, justify dismissal of this action for lack of prosecution and noncompliance with court orders. *See* Fed. R. Civ. P. 41(b); Local Rule 41-1. In arriving at that conclusion, the court has considered (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

parties; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226-28, 1234-52 (9th Cir. 2006); *see also Gibbs v. Hedgpeth*, 389 F. App'x 671, 673 (9th Cir. 2010) (applying five factors in habeas proceeding). Each of these factors supports dismissal.

The public's interest in the expeditious resolution of litigation "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also supports dismissal given the overwhelming number of immigration habeas petitions being filed in this district. The prejudice factor tilts in favor of dismissal, too, "even in the absence of a showing of actual prejudice" because the "law presumes injury from unreasonable delay." *Southwest Marine, Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) (cleaned up); *see In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). And no less drastic sanctions—besides the warning already given to petitioner—are practically available given petitioner's pro se and in forma pauperis status. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, while the public policy favoring disposition of an action on its merits generally weighs against dismissal, petitioner also shares responsibility in moving his petition towards that merits disposition. *See Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1228.

* * *

For all these reasons, the petition under 28 U.S.C. § 2241 is ordered DISMISSED without prejudice for want of prosecution and noncompliance with court orders. Judgment will be entered accordingly. Any pending motions (e.g., ECF 11) are DENIED as moot.

Meanwhile, the court retains jurisdiction to entertain any successive habeas petition under § 2241 claiming that petitioner (A# 420-24-979) is detained within this district in violation of federal law. *See* 28 U.S.C. § 1651; *see also Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (abuse of the writ doctrine precludes reconsideration of claims that were or could have been raised in prior habeas petition).

IT IS SO ORDERED.

DATED: October 30, 2026

Steve Kim

STEVE KIM
United States Magistrate Judge